## No. 11,154.

### THE STATE OF LOUISIANA VS. J. BENJAMIN CHANDLER.

1. When an indictment is returned into court charging a particular person with wilful and corrupt perjury under an oath administered to him by the clerk of the Supreme Court, declared as "having competent authority to administer said oath," and said indictment is beyond criticism as an instrument from the standpoint of the regularity of the proceedings connected with its finding—the legality of the body returning it and the sufficiency of the averments it makes—it can not be stopped on its way to the petit jury by the accused and subjected, on a motion to quash, and testimony taken thereunder, to an attack made by him and submitted for independent determination by the district judge as to the sufficiency of the evidence before the grand jury to reach the conclusions it did, or the correctness of the legal conclusions reached by that body from the evidence before it.

2. The conclusions of the grand jury on the evidence before it are not subject to review by the district judge; they must pass on to and be determined by the petit jury as compound questions of law and fact under instructions from the court.

APPEAL from the Criminal District Court for the Parish of Orleans. *Moise, J.*

*M. J. Cunningham,* Attorney General, and *Lionel Adams,* for the State, Plaintiff and Appellant.

*Morris Marks* for Defendant and Appellee.

The opinion of the court was delivered by

NICHOLLS, C. J. The State appeals from the decree of the Criminal District Court for the parish of Orleans sustaining a motion made by the defendant to quash an indictment found against him in which he was charged with having committed wilful and corrupt perjury.

For the purposes of explanation it is only necessary to transcribe a portion of that indictment, which is to the effect "That heretofore an action was brought by petition before, and within the jurisdiction of, the Supreme Court of Louisiana, by one J. Benjamin Chandler, in which the State of Louisiana, on the relation of the said J. Benjamin Chandler, was plaintiff, and E. B. Kruttschnitt, judge *ad hoc,* was defendant, and that on the eleventh day of March, in the year of our Lord one thousand eight hundred and ninety-two, the said J.

Benjamin Chandler, with force and arms, in the parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the parish of Orleans, did appear as petitioner in the said action (which is numbered 11,030 on the docket of the Supreme Court of Louisiana aforesaid), and in such capacity as petitioner was duly sworn by T. McC. Hyman, clerk of the Supreme Court of Louisiana, having competent authority to administer said oath, to the truth of the facts and allegations of the before mentioned petition, whereupon the said J. Benjamin Chandler did then and there, on his oath, so as aforesaid taken, falsely, wilfully, corruptly, knowingly and maliciously feloniously *depose* and swear, etc.   *   *   *   And the said false statements, so upon oath wilfully, knowingly and corruptly made by the said J. Benjamin Chandler, were material to the questions and matters then and there in issue before the said Supreme Court of Louisiana."

The motion to quash was based upon the following grounds:

*First.* "The oath alleged to have been taken in said indictment was not such an oath as the law contemplates in a crime of perjury."

*Second.* "The person alleged to have administered the same had no authority to administer said oath."

*Third.* "The said T. McC. Hyman, the clerk of the Supreme Court of Louisiana, had no judicial power, under the Constitution and laws of Louisiana, to administer said oath."

*Fourth.* "The said pretended oath administered by T. McC. Hyman was administered by him as clerk of the Supreme Court in the clerk's office, out of the presence of the court or of the judges."

On the argument of this motion the assistant district attorney insisted that "the issue must be tried upon the face of the record and that no evidence was admissible on the trial of the motion to quash the indictment; that the fact whether T. McC. Hyman had competent authority to administer the oath in the said cause to the said J. Benjamin Chandler was one of the issues to be tried and determined in due course by the jury, and was not one of those matters as to which the trial court can hear matters *de hors* the record in aid of a motion to quash."

The court ruled that this was a matter resting in its discretion, and ordered that the motion be reset for trial for the purpose of hearing evidence as to whether the oath administered by T. McHyman, clerk of the Supreme Court, was or was not administered in presence of the court or the judges.

To this ruling the assistant district attorney excepted and filed a bill of exceptions.

The motion having gone to trial, T. McC. Hyman, clerk of the Supreme Court, was placed upon the stand, and over the objection of the assistant district attorney was permitted to testify " that the oath by him administered to J. Benjamin Chandler, as in the indictment specified, was administered in the clerk's office of the Supreme Court and out of the presence of the court or any of the judges thereof," whereupon the court quashed the indictment found against the accused.

To the action of the court in allowing the evidence to be introduced and in quashing the indictment the assistant district attorney excepted with a bill of exceptions and, as has been stated, the State has appealed.

The action of the judge was based on the evidence referred to, from which he drew the legal conclusion that the clerk of the Supreme Court was without authority to administer the oath, and that therefore there was no foundation for the indictment to rest upon.

Section 858 of the Revised Statutes of Louisiana is in these words: " In every presentment or indictment against any person for wilful and corrupt perjury it shall be sufficient to set forth the substance of the offence charged and by what court or before whom the oath or affirmation was taken (averring such court or person to have competent authority to administer the same), together with a proper averment to falsify the matter wherein the perjury is assigned, without setting forth the bill, answer, information, indictment, declaration or any part of any record or proceeding other than as aforesaid, and without setting forth the commission or authority of the person before whom the perjury was committed."

It is not contended on the part of the accused that from the standpoint of pleading, the requirements of Sec. 858 have not been complied with.

Taking the averments of the indictment as they stand, and without objection to the same as such, the defendant claimed, and still maintains his right, to negative as a fact, the truth of the allegation that the clerk of the Supreme Court *did have competent authority to administer the oath;* by testimony as to the time, place and circumstances under which that oath was administered, and claimed and still insists, that he had the right to have this question submitted and

passed upon by the district judge on a motion to quash, on testimony adduced before him on the trial of the motion.

The law has designated the grand and petit jury as the chief instrumentalities in investigating and determining whether crimes have been committed, and if so, by whom committed. Each has its appropriate functions, and in between the two, stands the judge with well-defined duties. It is the province of each of these bodies to examine both law and fact in relation to alleged violations of the criminal law in cases legally brought to its attention. The first acts primarily under the advice of the district attorney, the latter finally under instructions from the court; each reaches its conclusions from evidence adduced before it.

When an indictment has been returned into court, it conveys the conclusion reached by the grand jury from testimony before it, that a particular crime had been committed by a particular person. When the indictment *as an instrument*, is beyond criticism from the standpoint of the regularity of the proceedings connected with its finding, the legality of the body presenting it, and the sufficiency of the averments it makes, it can not be stopped by the accused on its way to the petit jury and subjected to an attack made by him and submitted for independent determination by the district judge as to the sufficiency of the evidence before the grand jury to warrant the conclusions reached by it, or the correctness of the legal conclusions reached by that body from the evidence before it.

Its conclusions are not subject to the review of the district judge, but they must pass on to, and be determined by the petit jury under the charge of the court. In the case at bar the grand jury has declared that the oath taken by the accused was administered to him by the clerk of this court, *he being duly authorized to administer the same.* We are bound to assume, for our present purpose, that the grand jury had before it evidence of some kind on the subject of this oath, which justified it, in its opinion, in asserting that the clerk *was duly authorized* to that effect. It is true that this declaration, when subjected at the proper time and in the proper quarter and manner to a legal test, may prove to have been absolutely false, but this result can not be reached by anticipation, on a motion to quash, through the instrumentality of the judge.

The grand jury, under Section 858 of the Revised Statutes, was not called upon to state in the indictment, the facts connected with the administering of the oath, which went to convince it that T. McC.

Hyman was duly authorized and competent to act in the premises. Had the law required such a statement to have been made, and had it—being made—shown on the face of the papers a wrong legal conclusion, it might have been submitted as a matter of law, for a ruling, by the judge, upon its correctness; but the question before us is not presented to us under such conditions. Section 858 of the Revised Statutes is simply a reproduction in the United States of the *Statute 23d George II, C. 11.* That statute has not only been adopted by the General Assembly of Louisiana, but also by act of Congress (Act of Congress, April 30, 1790, Sec. 18, 1 Peters Sts. at Large, 116) and by many of the States of the Union.

It is frequently alluded to in the notes to *Archbold's Criminal Practice and Pleadings*, under the special title of "Perjury."

Its effect has been to render easy of construction that which before its passage was considered one of the most difficult duties imposed upon a prosecuting attorney—the framing of an indictment for perjury—and just in proportion as it has done away with the necessity for technical terms, details of statement and recitals of fact, it has withdrawn from the accused, opportunities for submitting questions of law based thereon to the trial judge for decision.

In State vs. Gallimon, 2 Iredel, 372, Mr. Justice Gaston said: "The principal effect of this enactment was to substitute in the indictment the general averment of competent authority to administer the oath, in the place of a specific averment of the facts showing such authority, and to make the question whether the oath was or was not taken before a competent jurisdiction *a compound question of law and fact to be decided by the petit jury under the advice of the court.*"

The question as to the authority of T. McC. Hyman, as clerk of this court, to administer the oath to the accused, is one of the issues of law and fact to be submitted to the jury. This particular issue can not be detached from its proper place and made the subject of independent decision by the judge. If one issue could be thus detached so could others, and the case taken up and disposed of by piecemeal and indirection by the court.

We have had occasion to express similar views in the case of the State vs. Spencer, recently decided by us, though the matter came before us in a different form.

We are of the opinion that the court erred in going behind the indictment, examining into facts affecting the guilt or innocence of the

accused of the crime charged, and concerning which the grand jury within the sphere of its jurisdiction had taken action; and that it also erred in quashing the indictment found against the defendant.

For the reasons herein assigned it is hereby ordered, adjudged and decreed that the order and decree of the Criminal District Court for the parish of Orleans quashing the indictment found against the defendant be and the same is hereby annulled, avoided and set aside, and that this case be remanded to the Criminal District Court for further proceedings according to law.